**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2112
_____

UNITED STATES OF AMERICA

v.

MARSHINNEAH MANNING

Marshineak Manning a/k/a
Marshinneah Manning,
                    Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-18-cr-00152-008)
District Judge: Honorable Arthur J. Schwab
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
April 18, 2024

Before: HARDIMAN, PHIPPS, and SMITH, *Circuit Judges*.

(Filed: April 22, 2024)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Marshinneah Manning appeals a judgment of sentence entered by the District Court after it revoked his term of supervised release. We will affirm.

I

In 2021, Manning was sentenced to 60 months' imprisonment and 4 years' supervised release on a cocaine offense. While on supervised release, Manning was not permitted to "unlawfully possess a controlled substance," "have access to a firearm," or "commit another federal, state or local crime." Supp. App. 4–5. In February 2023, around three months after Manning's release from prison, the Government alleged that Manning violated these requirements and moved to revoke his supervised release.

The District Court scheduled a revocation hearing and the parties agreed to proceed through proffers of testimony. The Government explained that law enforcement officers had observed Manning perform a "retention check" in "his waistband area" before entering a rental vehicle, leading them to suspect that Manning had a firearm. App. 14. After pulling Manning over for a traffic violation, law enforcement saw him "shov[e] some unknown object into the center console area of the vehicle." App. 14. Manning seemed "extremely nervous" as officers approached and appeared "startled" when asked if he had a weapon. *Id.* Manning looked toward the center console and then said no. Upon opening the center console, officers discovered a loaded handgun along with a digital scale with white residue on it. After obtaining a search warrant, officers also discovered 1.68 grams of crack cocaine inside a plastic glove concealed in an

2

eyeglasses case. The vehicle contained no paraphernalia for drug use, such as a crack pipe or lighter.

Counsel for Manning explained that the rental vehicle belonged to his girlfriend and that Manning was unaware of the cocaine. And Manning's sister said that the cocaine and the handgun, which was registered in her name, were hers. She had taken the vehicle the night prior, purchased the cocaine, and smoked some of it using a crack pipe she carried in her coat pocket. She then drove home, accidentally leaving her handgun and the remaining cocaine in the vehicle without Manning's knowledge. She also claimed that she had unsuccessfully tried to contact Manning about the cocaine and the handgun over the phone the next day, but she could not corroborate this because her phone had since broken. Manning's sister did not explain the digital scale.

The District Court concluded that Manning had violated all three conditions of his supervised release and sentenced him to 24 months' imprisonment. Its finding that Manning intended to distribute the cocaine made his conduct a Grade A violation with a United States Sentencing Guidelines range of 24–30 months in prison, while Manning's other violations were at most Grade B violations with lower Guidelines ranges.

Manning filed this appeal, arguing that the District Court had insufficient evidence to find that he possessed the cocaine or that he intended to distribute it. He asks us to reverse that judgment and remand for resentencing.[1]

---

[1] Manning also asserts, without further argument, that we should reverse the District Court's judgment that he committed another federal, state, or local crime. But Manning does not challenge the District Court's finding that he "possessed" a firearm, App. 73, a crime for which he was charged in state court.

II[2]

The Government can rely on circumstantial evidence to prove that a defendant possessed contraband. *See United States v. Bobb*, 471 F.3d 491, 497 (3d Cir. 2006). Here, the Government presented sufficient circumstantial evidence for the District Court to find by a preponderance of the evidence both that Manning possessed the cocaine—meaning he had "dominion and control" over it, *United States v. Iafelice*, 978 F.2d 92, 96 (3d Cir. 1992) (citation omitted)—and that he intended to distribute it. *See United States v. Dees*, 467 F.3d 847, 854–55 (3d Cir. 2006).

Manning was driving the vehicle, a "highly relevant fact[]" supporting an inference that he possessed the cocaine. *Iafelice*, 978 F.2d at 97. That inference is strengthened by "the context of the surrounding circumstances," *id.*, specifically that Manning was the only person in the vehicle and the center console contained a digital scale with white residue. As the Government explained in its proffer, scales are "commonly used in the trafficking of controlled substances" when weighing "crack cocaine . . . out for sale." App. 16. *See also United States v. Dyer*, 54 F.4th 155, 161 (3d Cir. 2022) (digital scales with narcotics residue are "probative evidence" of drug trafficking offenses), *cert. denied*, 143 S. Ct. 2616 (2023). Given the scale's proximity to Manning, coupled with the fact that he placed the handgun in the same compartment, the

---

[2] The District Court had jurisdiction under 18 U.S.C. § 3583(e)(3). We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's factual findings for clear error and its legal conclusions de novo. *United States v. Maloney*, 513 F.3d 350, 354 (3d Cir. 2008). Manning appears to raise both legal sufficiency and clear error challenges, so we address both.

District Court did not clearly err in finding that Manning possessed the scale. *See United States v. Foster*, 891 F.3d 93, 111 (3d Cir. 2018). And because scales are used for drug trafficking, *Dyer*, 54 F.4th at 161, Manning's possession of the scale suggests that he possessed and intended to distribute the cocaine. Nor did the defense offer any alternative explanation for the presence of the digital scale, much less the white residue on it.

As for the proffer by Manning's sister, the District Court was not required to accept it at face value. We give "great deference" to the District Court's credibility assessments, *United States v. Givan*, 320 F.3d 452, 464 (3d Cir. 2003) (citation omitted), and Manning makes no claim that the Court erred in its evaluation of witness credibility. Nor was the Court required to credit Manning's self-serving testimony that he was unaware of the cocaine. *See United States v. Isaac*, 134 F.3d 199, 205 (3d Cir. 1998). So the District Court did not clearly err in its factual findings.

*     *     *

The District Court did not err when it decided that there was sufficient evidence to conclude that Manning probably possessed the cocaine with an intent to distribute it. We will thus affirm.